UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ACUITY INSURANCE COMPANY, ) | |
|     Plaintiff, ) | |
| ) | No. 1:12-cv-00268 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| PRO SERVICES, INC., ) | |
| D9 SYSTEMS, INC., and ) | |
| AVB TRIANGLE, LLC and/or ) | |
| AVB TRIANGLE PARTNERSHIP, ) | |
|     Defendants. ) | |
| _____) | |

**ORDER DISMISSING COMPLAINT
DUE TO LACK OF SUBJECT MATTER JURISDICTION**

Before the court is Plaintiff's Amended Complaint (ECF No. 7), its second attempt at pleading subject-matter jurisdiction. This court rejected Plaintiff's first attempt, because its Complaint failed to fully specify the citizenship of Defendant "AVB Triangle, LLC and/or AVB Triangle Partnership." (ECF No. 5.) As the court noted at the time, both LLCs and partnerships take the citizenship of each of their members. *See Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) (limited liability companies); *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 544–45 (6th Cir. 1994) (partnerships). Because diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant, a diversity plaintiff must plead facts regarding the citizenship of each of an LLC or partnership's members in order to establish a federal court's subject-matter jurisdiction. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Plaintiff's original complaint failed to do so, instead alleging only that AVB Triangle has its "principal place of business in Portage, Michigan" and is "licensed to do business" in this district. (ECF No. 1, ¶ 9.)

Plaintiff's Amended Complaint still refers to "Defendant AVB Triangle, LLC and/or AVB

Triangle Partnership."[1] (ECF No. 7, ¶ 9.) It now alleges something of this entity's members, though: "Upon information and belief, AVB Triangle, LLC is a limited liability corporation comprised of a partnership between two companies, AVB, Inc. and Triangle Associates, Inc." (*Id.* ¶ 10.) AVB, Inc. is allegedly "a corporation with its principal place of business in Grand Rapids, Michigan," and "[u]pon information and belief, Triangle Associates, Inc. maintains its principal place of business in Grand Rapids, Michigan." (*Id.* ¶¶ 11, 13.)

As Magistrate Judge Scoville noted in denying Plaintiff's Motion for Discovery filed along with the Amended Complaint, this pleading "manages to confuse every type of enterprise organization known to U.S. law." (ECF No. 9, at 2.) But even overlooking the misnomer "limited liability corporation"[2] and assuming that the term "partnership" is intended in an informal sense, Plaintiff's pleadings regarding AVB, Inc. and Triangle Associates, Inc. are plainly deficient. A corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. 1332(c)(1), and Plaintiff has not pleaded any facts regarding the incorporation of these two entities.[3] Nor has Plaintiff pleaded its own principal place of business, for that matter. (ECF No. 7, ¶ 2.)

Because Plaintiff still fails to adequately plead this court's subject-matter jurisdiction, the

---

[1] The court does not now decide whether this equivocal allegation is itself improper.

[2] Limited liability *companies* are not corporations, but unincorporated entities. *See Delay*, 585 F.3d at 1005.

[3] The court makes no holding regarding whether pleadings made on "information and belief" can establish subject matter jurisdiction. (*See* ECF No. 9, at 3 (noting that "[t]he weight of federal authority holds that allegations of citizenship made on 'information and belief' are insufficient to meet this burden.").) The court notes, however, that the motion filed along with Plaintiff's Amended Complaint, asking the court for discovery "for the purposes of establishing conclusively the full list of members of AVB Triangle and their citizenship," appears to contradict this allegation. Though this motion makes clear that Plaintiff has tried to conclusively establish AVB Triangle's citizenship, it also makes clear that Plaintiff's attempts have failed. (ECF No. 8, at 2–3.)

court will dismiss the Amended Complaint, though without prejudice to refiling with proper jurisdictional allegations if Plaintiff can sufficiently establish diversity.

For these reasons, Plaintiff's Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.


Date:  April 12, 2012                                     /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          Chief United States District Judge